[No. A029503. First Dist., Div. Five. Dec. 27, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID PEREZ, Defendant and Appellant.

## COUNSEL

John P. Ward, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KING, J.**—In this case we hold that a plea of guilty to aggravated assault (Pen. Code, § 245, subd. (a)) with great bodily injury (Pen. Code, § 12022.7) did not invoke the lesser punishment for felony battery (Pen. Code, § 243, subd. (d)).

David Perez appeals from the sentencing provisions of an order revoking probation. The court sentenced him to the middle term of three years for aggravated assault plus a three-year enhancement for inflicting great bodily injury. We affirm.

 Perez claims his plea of guilty to aggravated assault with great bodily injury established only the "least adjudicated elements" of that offense, which are the use of force likely to produce great bodily injury in a manner that resulted in the infliction of great bodily injury. He asserts these elements, which do not necessarily include the use of a deadly weapon,[1] are the same as those of felony battery with serious

---

[1] Penal Code section 245, subdivision (a), states: "Every person who commits an assault upon the person of another with a deadly weapon *or* instrument other than a firearm *or* by any means of force likely to produce great bodily injury is punishable by imprisonment in the state prison for two, three or four years. . . ." (Italics added.)

bodily injury, which is punishable by no more than four years' imprisonment,[2] so that imposition of the greater sentence deprived him of due process and constituted cruel and unusual punishment. This claim lacks merit.

Perez incorrectly relies on *People* v. *Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389]. The appellant in *Crowson* challenged that part of a sentence which reflected an enhancement for a prior federal conspiracy conviction (Pen. Code, § 667.5). The court held that in order to impose an enhancement for the prior federal conviction, the elements of the federal offense had to mirror the elements of the corresponding California felony. Since the elements of the federal offense did not explicitly include commission of an overt act, as contrasted with the California felony, the court held no enhancement could be imposed even though the federal indictment had alleged two overt acts. The court stated, "'[t]*he least adjudicated elements of the prior conviction* remain the same . . . *Neither the People nor the defendant can go behind those adjudicated elements in an attempt to show that he committed a greater, lesser, or different offense.* [Citations.]'" (*People* v. *Crowson, supra,* 33 Cal.3d at p. 634, italics in original, quoting *In re Finley* (1968) 68 Cal.2d 389 [66 Cal.Rptr. 733, 438 P.2d 381].)

In this case, unlike *Crowson,* the element at issue, use of a deadly weapon, is one of the clearly defined elements of aggravated assault. Moreover, the count to which Perez pleaded guilty specifically charged assault with a deadly weapon. Finally, even if the information had not specifically alleged the use of a deadly weapon, there is no decisional or statutory authority supporting the assertion that a guilty plea establishes only the least *serious* (rather than least *adjudicated*) elements of a charged offense.

Even if Perez's plea established only the least serious elements of aggravated assault with serious bodily injury, the sentence imposed did not deprive Perez of due process or constitute cruel or unusual punishment, because the least serious elements of that offense still differ from the elements of felony battery. Felony battery includes only actual infliction of serious bodily injury (Pen. Code, § 243, subd. (d)), while aggravated assault includes the additional (and more egregious) element of the use of means of force *likely* to produce great bodily injury.

---

[2]The great bodily injury enhancement cannot be imposed for felony battery because such injury is an element of the underlying offense. (Pen. Code, § 12022.7.)

The order is affirmed.

Low, P. J., and Haning, J., concurred.